FILED 180
Honorable Samuel C. Jones Prosecuting Attorney Lawrence County P. O. Box 246 Mt. Vernon, Missouri 65712
Dear Mr. Jones:
This letter is in response to your question asking:
 "Where a candidate who is ineligible to hold an office is nominated at the primary election and later resigns, may the party central committee nominate a candidate for the office pursuant to § 120.550 RSMo?"
You also state:
 "a. On April 7, 1976, one Bruce Bounds filed a `Declaration of Candidate for Nomination' accompanied by a receipt for the filing fee for the office of Western District Judge, Lawrence County.
 "b. On April 29, after the time for filing had expired, Mr. Bounds realized that he was a resident of the Eastern District rather than the Western District.
 "c. The County Clerk consulted the Secretary of State's office and was informed that the passing of the filing deadline made it impossible for Mr. Bounds to re-file in the Eastern District.
 "d. Mr. Bounds appeared on his party's ballot at the August primary election as the only candidate for nomination for Judge of the Western District. He received in excess of 700 votes.
 "e. On August 23, 1976, Mr. Bounds executed a `Statement of Termination of Candidacy' (attached) before the County Clerk.
 "f. On August 26, 1976, the Lawrence County Democratic Central Committee met and selected Walter L. Bracht to replace Mr. Bounds as the nominee of the party pursuant to § 120.550, RSMo. (See attached affidavit)
 "g. On August 30, 1976, Walter L. Bracht filed a `Declaration of Candidate for General Election' (S:C) (Attached) together with a receipt for the required filing fee."
We have not included a copy of the attached matter in this opinion.
Section 120.550, RSMo, provides:
 "1. The party committee of the county, district or state, as the case may be, shall have authority to make nominations in the following cases:
 (1) When a vacancy in the candidates for nomination as a party candidate for election to any office shall occur by reason of death or resignation after the last day in which a person may file as a candidate for nomination;
 (2) When any person nominated as the party candidate for any office shall die or resign before election;
 (3) When a vacancy in office which is to be filled for the unexpired term at the following general election shall occur after the last day in which a person may file as a candidate for nomination.
 "2. Nominations to fill vacancies caused by death shall be filed, as the case may be, either with the secretary of state not later than fifteen days before the day fixed by law for the election of the person in nomination or with the election authority not later than ten days before such election. Nominations to fill vacancies caused by resignation or withdrawal of a candidate shall be filed with the secretary of state or election authority not later than thirty days before the day fixed for the election.
 "3. No name shall be allowed on the ballot until the required fee has been paid."
Under Section 120.550, a party committee has authority to nominate a replacement only if the person who filed was a lawful candidate or was lawfully nominated. In this instance, the person who filed for western district judge was ineligible to be a candidate because you have stated and, therefore, we assume that he was not a resident of the western district. See Opinion No. 26 dated January 27, 1944, to Eiser, a copy of which is enclosed. Not only was the person an ineligible candidate, but he could not be lawfully nominated at the primary election. SeeMansur v. Morris, 196 S.W.2d 287, 294 (Mo.Banc 1946), in which the court held that even though people may vote for an ineligible candidate "legally they cannot nominate him."
Therefore, when the person in question resigned, he had never been a lawful candidate for the office of western district judge and he had not been lawfully nominated. It was as if no one had even filed for the office of western district judge. Section 120.550 gives the county committee no authority to replace a resigned "candidate" where there never was a lawful candidate.
CONCLUSION
It is the opinion of this office that no legal vacancy exists under Section 120.550, RSMo, when an ineligible person files for and is purportedly nominated as the candidate for the office of county district judge and thereafter resigns such purported nomination and therefore a party committee has no legal authority to fill such purported vacancy.
The foregoing opinion, which I hereby approve, was prepared by my assistant, John C. Klaffenbach.
Yours very truly,
 JOHN C. DANFORTH Attorney General
Enclosure: Op. No. 26 1-27-44, Eiser